# DUFFY & ATKINS LLP

Seven Penn Plaza, Suite 420
New York, New York 10001
Todd E. Duffy (TD 9863)
James E. Atkins (JA 4922)
Dennis J. Nolan (DN 0853)

*Proposed attorneys for Debtors and Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

KENNETH SHIHAI KING AND
YIEN KOO KING,

Debtors.

------------------------------------------------------------------x

Chapter 11

Case No. 07-13907 (MG)

### APPLICATION OF DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF DUFFY & ATKINS LLP AS ATTORNEYS FOR DEBTORS

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

Kenneth Shihai King and Yien Koo King (collectively, the "Debtors"), the Debtors and Debtors-in-possession in the above-captioned case, hereby submit this application (the "Application") for an order pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") approving the retention of Duffy & Atkins LLP ("D&A") as general bankruptcy counsel in connection with this chapter 11 case *nunc pro tunc* to December 11, 2007. In support of this Application, the Debtors rely on the Affidavit of Kenneth S. King Pursuant to Local Rule 1007-2 filed on December 27, 2007 (the "King Affidavit"). In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is sections 327 and 328 of the Bankruptcy Code.

## BACKGROUND

1.     On December 11, 2007 (the "Petition Date"), the Debtors filed with this Court their voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.     The Debtors are authorized to manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

4.     The Court is respectfully referred to the King Affidavit for a detailed explanation of the reasons for the Debtors filing for relief pursuant to chapter 11 of the Bankruptcy Code and their goals for expeditiously resolving the various claims against them.

## RELIEF REQUESTED

5.     The Debtors have decided to retain Duffy & Atkins LLP ("D&A") as their attorneys in connection with their chapter 11 case and request court approval for the retention of D&A in connection with the prosecution of this chapter 11 case. Pursuant to sections 327 and 328 of the Bankruptcy Code, the Debtors request that the Court approve

the employment of D&A pursuant to its normal hourly rates and reimbursement policies as its attorneys to perform the legal services that will be necessary during this chapter 11 case.

6.      The Debtors have selected D&A as its attorneys because of the firm's extensive experience and knowledge of general business law and its expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The Debtors believe that D&A is both well qualified and uniquely able to represent it in this chapter 11 case in an efficient and timely manner.

7.      The services of D&A are necessary to enable the Debtors to execute faithfully their duties as debtors and debtors-in-possession.  Subject to further order of this Court, D&A will be authorized to render the following professional services:

a)  the protection and preservation of the Debtors' estate, including the prosecution of actions on the Debtors' behalf, and the preparation of objections to claims filed against the estate;

b)  the preparation on behalf of the Debtors, as debtors-in-possession, of all necessary motions, applications, answers, orders, reports and papers in connection with the administration of the estate herein;

c)  the negotiation and preparation on behalf of the Debtors of their chapter 11 plan(s), disclosure statement(s), and all related documents;

d)  the representation of the Debtors in connection with any sales, leases, or other uses of property of the estate and all other legal issues in connection therewith; and

e)   the performance of all other necessary legal services in connection with

this chapter 11 case.

8.      D&A has stated its desire and willingness to act in this case and render the

necessary professional services as attorneys for the Debtors.

9.      To the best of the Debtors' knowledge, the members and associates of

D&A do not have any connection with the Debtors, their creditors, or any other party in

interest, or their attorneys, except as set forth herein and in the annexed affirmation of

Todd E. Duffy, Esq., a member of D&A (the "Duffy Declaration") annexed hereto as

Exhibit A.

10.      D&A intends to apply to the Court for allowance of compensation and

reimbursement of expenses in accordance with Sections 328(a), 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court, including the

Guidelines for Fees and Disbursements for Professional in Southern District of New York

Bankruptcy Cases (the "Guidelines").

11.      The Debtors, subject to the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, and the Local Rules of this Court, including the Guidelines,

proposes to pay D&A its customary hourly rates in effect from time to time, as set forth

in the Duffy Declaration and to reimburse D&A according to its customary

reimbursement policies, and submits that such rates and policies are reasonable.

12.      Notice of this Application has been given to the Office of the United

States Trustee and each of the Debtors' twenty largest unsecured creditors.  The Debtors

submit that given the nature of the relief requested herein no other or further notice need

be given.

13.    No previous application for the relief request herein has been made to this or any other court.

**WHEREFORE** the Debtors respectfully requests entry of an Order granting the relief requested herein and such other and further re1ief as is just and proper.

Dated: New York, New York
          January 10, 2008

                                             /s/ Kenneth S. King
                                             Kenneth S. King

Dated: New York, New York
          January 10, 2008

                                             /s/ Yien Koo King
                                             Yien Koo King

# EXHIBIT A

# DUFFY & ATKINS LLP

Seven Penn Plaza, Suite 420
New York, New York 10001
Todd E. Duffy (TD 9863)
James E. Atkins (JA 4922)
Dennis J. Nolan (DN 0853)

*Proposed attorneys for debtors and debtors-in-possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

KENNETH SHIHAI KING AND
YIEN KOO KING,

Debtors.

-----------------------------------------------------------------x

Chapter 11

Case No. 07-13907 (MG)

STATE OF NEW YORK       )
                                 ):ss
COUNTY OF NEW YORK    )

## DECLARATION OF TODD E. DUFFY PURSUANT TO BANKRUPTCY CODE SECTION 329 AND BANKRUPTCY RULES 2014(a) AND 2016(a)

**TODD E. DUFFY**, an attorney duly admitted to practice before this Court and under the penalty of perjury, affirms as follows:

1.      I am an attorney admitted to practice law in the State of New York, before this Court, and am a Partner with the firm of Duffy & Atkins LLP ("D&A"). D&A is a law firm with its principal office in this district at Seven Penn Plaza, Suite 420, New York, New York 10001. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2.      I submit this declaration in connection with the application (the "Application") of Kenneth Shihai King and Yien Koo King, the debtors and debtors-in-

possession in the above-captioned chapter 11 case, to retain D&A as their bankruptcy counsel in the above captioned case and to provide the disclosures required under title 11 of the United States Code, 11 U.S.C. §§ 101 – 1330 (the "Bankruptcy Code"), the local rules of this Court, and rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.     Insofar as I have been able to ascertain, D&A has no connection with the Debtors, their creditors, any other party in interest herein, their current respective attorneys or professionals, the United States Trustee, or any person employed in the office of the United States Trustee, and does not hold or represent any entity having an adverse interest in connection with the Debtors' case, except as disclosed herein.  For so long as it represents the Debtors, D&A will not represent any entity other than the Debtors in connection with this case.

4.     In 2003 and 2004, prior to forming D&A with Todd E. Duffy, Mr. Atkins worked in the bankruptcy and financial restructuring department of Gibson, Dunn & Crutcher LLP ("GDC"), a creditor in these proceedings and proposed special litigation counsel.  Throughout the time that Mr. Atkins was employed by GDC as an associate, he did not work on any matters involving the Debtors.  Because Mr. Atkins' relationship with GDC ended several years ago and Mr. Atkins never worked on any matters involving the Debtors, D&A does not believe that this prior connection presents a conflict for D&A or will impair D&A's ability to fully and zealously represent the Debtors in this case.

5.     D&A intends to apply for compensation for professional services rendered in connection with this chapter 11 case in compliance with applicable provisions of the

Bankruptcy Code, Bankruptcy Rules, and Orders of this Court on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by D&A. The current hourly rates for the attorneys and paralegals from D&A that will be working on this case are:

> Partners -- $350 per hour
> Associates -- $250 per hour
> Paralegals -- $100 per hour

6. The above rates are subject to periodic adjustments to reflect economic and other conditions.

7. The hourly rates set forth above are D&A's standard rates for work of this nature. These rates are set at a level designed to fairly compensate D&A for the legal services to be rendered and to cover fixed and routine overhead expenses. It is D&A's policy to charge its clients in all areas of practice for all expenses specifically incurred in connection with the client's case. The expenses charged to clients include, telephone and telecopy toll and other charges, mail and express mail charges, special or hand delivery, court charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. D&A will charge the Debtors' estate for these expenses in a manner and at rates consistent with charges made generally to D&A's clients. Additionally, D&A maintains computerized billing for the convenience of the each client, including the Debtors.

8. No promises have been received by D&A by any director, counsel, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

9.     Insofar as I have been able to ascertain, D&A does not represent any interest adverse to the Debtors in the matters upon which D&A is to be engaged.  D&A is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that D&A:

a)  is not a creditor, equity security holders or insider of the Debtors;

b)  is not and was not, within two years before the date of the filing of the Debtors' chapter 11 petition, a director, officer, or employee of the Debtors; and

c)  does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.

10.     D&A, however, may have relationships with one-or-more creditors, other parties-in-interest, and other professionals in connection with matters unrelated to this case, but have not represented any such party in connection with matters relating to the Debtors.

11.     By reason of the foregoing, I believe that D&A is eligible for employment and retention by the Debtors pursuant to sections 327 and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

12.     Accordingly, based upon the information available to me, neither I, D&A, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which D&A is to be employed.

**WHEREFORE**, it is respectfully requested that the Debtors be authorized to employ Duffy & Atkins LLP as its general counsel in this chapter 11 case, *nunc pro tunc*

to December 11, 2007, and for such other and further relief as to this Court may seem just

and equitable.

Dated: New York, New York
        January 10, 2007

                                    /s/ Todd E. Duffy
                                    TODD E. DUFFY (TD - 9863)