UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                                          :     **NOT FOR PUBLICATION**
                                                                                    :
                                                                                    :     Chapter 7
   KENNETH SHIHAI KING &                                      :
   YIEN KOO KING.,                                                    :     Case No. 07-13907
                                                                                    :
                                                                                    :     **MEMORANDUM DECISION**
                                       Debtor.                       :     **& ORDER**
------------------------------------------------------------------x

*A P P E A R A N C E S*

Gabriel Del Virginia
Law Offices of Gabriel Del Virginia
641 Lexington Avenue
21st Floor
New York, NY 10022
(212) 371-5478
*Attorney for the Debtors*

Mark A. Frankel
Backenroth Frankel & Krinsky, LLP
489 Fifth Avenue
New York, NY 10017
(212) 593-1100
*Attorney for the Movants*

Ronald J. Friedman
Silverman Acampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
(516) 479-6300
*Attorney for the Chapter 7 Trustee*

Peter W. Smith
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103
(212) 841-0730
*Pro Se*

**MARTIN GLENN,**
**United States Bankruptcy Judge**

Pending before the Court is a motion by Ethel Griffin, the New York County Public Administrator, and Andrew Wang, the Temporary Administrator and Preliminary Executor of the decedent's estate, along with Andrew Wang and S.K. Wang in their individual capacities (collectively, the "Fiduciaries"), to have their March 21, 2008 lift-stay motion filed in this case deemed an informal proof of claim. Alternatively, they ask that their two late-filed proofs of claim be deemed timely filed. For the reasons explained below, the motion is denied.

## BACKGROUND

Kenneth Shihai and Yien Koo King (the "Debtors") filed a chapter 11 petition on December 11, 2007. (ECF Doc. #1.) The U.S. Trustee conducted the initial § 341(a) meeting on February 19, 2008. At that time, the Debtors were parties to a probate proceeding in surrogate court, relating to the estate of Mrs. King's deceased father, in which the Fiduciaries were the Administrator and Executor. On April 2, 2008, the Fiduciaries filed a lift-stay motion to permit the Surrogate's Court to adjudicate the rights of the parties, including the Debtors, in the decedent's estate. (ECF Doc. #30.) At the time of the chapter 11 filing, a fully-briefed summary judgment motion was pending in the Surrogate's Court. After filing the motion to lift the stay, the Fiduciaries' counsel received electronic notice of all subsequent filings in the bankruptcy proceeding. On April 17, 2008, the Court granted the motion, lifting the stay to permit the probate proceeding to proceed. (ECF Doc. #40.)

On May 28, 2008, the Court converted this case to a case under chapter 7. (ECF Doc. #59.) The Debtors amended their schedules on June 20, 2008, but did not list the Fiduciaries as creditors. (ECF Doc. #72.) The bar date notice was sent out on July 15, 2008, establishing October 14, 2008, as the bar date for non-governmental claims. That notice was docketed on

2

ECF twice: once on July 15, with a description of "Request for Notice of Possible Dividends[,] Proof of Claims due by 10/14/2008," and once on July 17, with a description of "Notice of Possible Dividend with Certificate of Mailing." (ECF Docs. #76, 79.) Because the Fiduciaries were not scheduled as creditors, they were not sent a copy of the bar date notice by mail, although they did receive electronic notice as they did for all filings after April 2, 2008. The Fiduciaries also received electronic notice of the Debtors' intention to sell their most valuable asset, their apartment, in September 2008. (ECF Doc. #100.) The Fiduciaries filed two proofs of claim on November 6, 2008, totaling $27.15 million.

The Fiduciaries request that their lift-stay motion be deemed an informal proof of claim, alleging that they satisfy the test in *In re Dana Corp*. for having a lift-stay motion deemed an informal proof of claim. In the alternative, they argue that due process considerations demand that their late-filed claims be deemed timely because of the Debtors' failure to schedule them as creditors.

Phillips Nizer LLP, a *pro se* creditor, and the Chapter 7 Trustee object to the motion on the grounds that (i) the Fiduciaries do not satisfy the *Dana* test for informal proofs of claim, and (ii) the Fiduciaries cannot now claim due process violations since they had actual notice of the proceedings and were electronically served with all papers, including the bar date notice. The Debtors joined in the Trustee's objection. For the reasons explained below, the Fiduciaries' motion is denied.

## DISCUSSION

### A.    Informal Proofs of Claim

Section 502(b) of the Bankruptcy Code provides that if an objection to a proof of claim is made, "the court, after notice and a hearing, shall determine the amount of such claim in lawful

3

currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . (9) proof of such claim is not timely filed . . . ." 11 U.S.C. § 502(b)(9). Section 502(b)(9) provides exceptions for tardy filings permitted under section 726(a) of the Bankruptcy Code and filings by governmental units concerning a tax filed under section 1308. 11 U.S.C. § 502(b)(9). Under § 726(a)(2)(C), a late filed claim may still be paid if (i) the creditor holding the claim did not have notice or actual knowledge of the case in time for timely filing of the proof of claim; and (ii) the proof of claim was filed in time to permit payment of the claim. 11 U.S.C. § 726(a)(2)(C).

Federal Rule of Bankruptcy Procedure 3002(c) sets the standard for timely filed claims in chapter 7 cases: "[i]n a chapter 7 liquidation . . ., a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code."[1] FED. R. BANKR. P. 3002(c). Additionally, the Federal Rules limit the circumstances under which a court may extend a period of time for filing, providing that "[t]he court may enlarge the time for taking action under [Rule] . . . 3002(c) . . . only to the extent and under the conditions stated in [that rule]." FED. R. BANKR. P. 9006(b)(3). Read jointly, Rule 9006(b)(3) provides that the time for filing a proof of claim may only be enlarged to the extent expressly provided by Rule 3002(c).

Courts have exercised some discretion with otherwise untimely proofs of claim where creditors have filed "informal proofs of claim." Informal proofs of claim are based on:

> an equitable doctrine developed by the courts to ameliorate the strict enforcement of the claims bar date. [Their] purpose is to alleviate problems with form over substance; that is equitably preventing the potentially devastating effect of the

---

[1] Rule 3002(c) further sets out exceptions to this standard including filings (1) by government units, (2) by incompetent persons and infants, (3) regarding a claim that becomes allowable as a result of a judgment that becomes final, (4) regarding "a claim arising from the rejection of an executory contract or unexpired lease of the debtor," or (5) if notice is provided by the trustee of possible dividends to creditors after previous notice was given that there were insufficient assets for such dividends. FED. R. BANKR. P. 3002(c).

failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor.

*In re Harris,* 341 B.R. 660, 663 (Bankr. N.D. Ind. 2006).

A primary concern in determining whether to allow an informal proof of claim is notice to the debtor and other creditors. The Fifth Circuit used the following five-prong test to determine whether a creditor's previous filing would constitute an informal proof of claim:

> (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances.[2]

*In re Nikoloutsos,* 199 F.3d 233, 234 (5th Cir. 2000) (bankruptcy court properly used the five prong test in a Chapter 13 case converted from Chapter 7 but abused its discretion by disallowing a complaint filed by debtor's former wife in an adversary proceeding to be used as an informal proof of claim).

Judge Lifland of this Court has applied a similar four-pronged test in a chapter 11 case:

> in order to qualify as an informal proof of claim, a filing must meet four criteria. The filing must: (1) have been timely filed with the bankruptcy court and have become part of the judicial record; (2) state the existence and nature of the debt; and (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt.

*In re Dana Corp.,* Slip Copy, 2008 WL 2885901, at *4 (Bankr. S.D.N.Y. 2008) (citing *In re Enron Creditors Recovery Corp.,* 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007)).

---

[2] This five-prong test for determining whether or not to allow informal proofs of claim was adopted from a Tenth Circuit chapter 11 decision. *In re Reliance Equities, Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992). It has also been used in the Sixth Circuit for chapter 7 cases. *See Barlow v. M.J. Waterman & Assoc., Inc. (In re M.J. Waterman & Assoc., Inc.),* 227 F.3d 604, 608 (6th Cir. 2000).

5

The parties here all agree that the test in *Dana Corp.* should apply to the Fiduciaries' lift-stay motion, even though this is a chapter 7 case, not a chapter 11 case.  There is, however, at least one difference between the treatment of late-filed claims in chapter 11 and chapter 7 cases.  While excusable neglect is an excuse for missing the bar dates in chapter 11 cases, it is not an excuse in chapter 7 cases.  *See, e.g.*, *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993) ("The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in chapter 11 cases but not in Chapter 7 cases."); *In re Southwest Equip. Rental, Inc.*, 193 B.R. 276, 281 (E.D. Tenn. 1996); *In re Petrucci*, 256 B.R. 704, 707-08 (Bankr. D.N.J. 2001).  As a result, in a chapter 7 case, the Court has far less discretion to deem late-filed claims timely filed.

> B.  **Due Process Concerns with Proofs of Claim**

Some courts have expressed concern that § 502(b)(9), Rule 3002(c) and Rule 9006(b)(3), when read together, do not address the due process concerns of creditors who do not receive timely notice of the bar date, but ultimately these courts have held that such a creditor's untimely filed claims would be disallowed.  *In re McNeely*, 309 B.R. 711 (Bankr. M.D. Pa. 2004) (holding that a creditor who did not receive notice until after the bar date had passed could not file a late claim because the bankruptcy court did not have the authority to extend the filing deadline in a chapter 13 case); *In re Jensen*, 333 B.R. 906, 909 (Bankr. M.D. Fla. 2005) (bankruptcy court lacked authority to enlarge claims filing date for creditor who was not listed on debtor's schedules and who did not receive notice that debtor had filed under chapter 13).

There are no due process concerns, however, where the creditor had actual knowledge of the bankruptcy proceedings.  The Second Circuit addressed this issue squarely, and held that actual knowledge of a bankruptcy proceeding is an adequate substitute for formal notice of the

bar date, even where the creditor was not scheduled by the debtor. *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995). There, the debtor filed a chapter 7 case and failed to schedule the creditor. The creditor had not participated in the § 341 meeting or in any other aspect of the case. Nevertheless, the Second Circuit found that the creditor had actual knowledge on the basis of a single letter the creditor's counsel wrote to the debtor indicating knowledge of the bankruptcy proceedings. *Id.* It therefore held that holding the creditor to the bar date did not offend due process, and granted the debtor's motion for summary judgment on their objection to discharge. *Id.*[3]

### C. The Lift-Stay Motion Does Not Qualify as an Informal Proof of Claim

The lift-stay motion is not an informal proof of claim here because it fails to meet at least two of the *Dana* factors: (i) it does not state the amount of the claim against the estate (third *Dana* factor); and (ii) it does not evidence the creditor's intent to hold the debtors liable for the debt (fourth *Dana* factor). As to the third *Dana* factor, the motion is silent about how much the Debtors owed the Fiduciaries. The motion once mentions that the artwork is worth "tens of millions of dollars," but there is nothing indicating the precise amount owed. That is not sufficient for a proof of claim. The Fiduciaries cite no authority supporting the sufficiency of such an allegation. As to the fourth *Dana* factor, the lift-stay motion does not evidence the Fiduciaries' intent to hold the Debtors liable for the debt. Rather, it is based on the Fiduciaries' contention that the probate court was the appropriate forum to resolve the dispute over ownership

---

[3]    *See also In re P&L Credit & Collection Servs., Inc.*, 248 B.R. 32, 35-36 (W.D.N.Y. 2000) ("The tardily-filed claim of such an unlisted creditor is allowed . . . only if the creditor did not have notice or actual knowledge of the bankruptcy proceeding in time to file a timely claim. If the creditor did, in fact, have knowledge of the bankruptcy proceeding, then its tardily-filed claim cannot be allowed . . . . In other words, when a creditor knows of a pending bankruptcy proceeding and knows that the debtor failed to list the creditor on the mailing matrix, the burden is on the creditor to have itself added to the mailing matrix on file with the Bankruptcy Clerk.").

7

of the artwork. Therefore, the Court concludes that lift-stay motion does not meet the requirements for the motion to be considered an informal proof of claim.

Furthermore, the Court rejects the Fiduciaries' due process argument. The Fiduciaries base their due process argument on the fact that the Debtors failed to schedule them as creditors in their amended schedules and the Fiduciaries did not receive a mailed copy of the notice of the bar date. But since the Fiduciaries had actual knowledge of the proceedings and the bar date, they cannot be said to have been denied due process. 11 U.S.C. § 726(a)(2)(C) (allowing payments of late-filed claims if the creditor "did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim"); *In re Medaglia*, 52 F.3d at 455 (holding that actual knowledge of the bankruptcy proceedings serves as a sufficient substitute for formal notice procedures).

Here, the Fiduciaries admit that they received electronic notice of filings in this case (at least since April 2, 2008), and they have obviously been directly involved in this case nearly from its beginning. The Fiduciaries filed documents in this case, attended the § 341 meeting, and were involved for months before the October 2008 bar date. The Fiduciaries' argument that the bar date notice entry on ECF is misleading is rejected. First, one of the bar date docket entries explicitly stated: "Proof of Claims due by 10/14/2008." (ECF Doc. #76.) Second, the Fiduciaries' counsel's e-mail address is listed as a recipient of both bar date notices. Having received actual notice of the bankruptcy proceedings and the bar date, the Debtors' failure to schedule the Fiduciaries as creditors does not offend due process.

Finally, the Fiduciaries' motion, in the title, refers to "excusable neglect" as the basis for deeming the lift-stay motion an informal proof of claim. While the Fiduciaries do not argue the point in their motion papers, excusable neglect is not a basis for missing the bar date in chapter 7

cases. *See, e.g.*, *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993) ("The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases."); *In re Southwest Equip. Rental, Inc.*, 193 B.R. 276, 281 (E.D. Tenn. 1996); *In re Petrucci*, 256 B.R. 704, 707-08 (Bankr. D.N.J. 2001).

Therefore, the Fiduciaries' motion is denied.

**IT IS SO ORDERED.**

DATED:    New York, New York
          December 22, 2008

                                            /s/ Martin Glenn
                                            HONORABLE MARTIN GLENN
                                            UNITED STATES BANKRUPTCY JUDGE